FILED

**NOT FOR PUBLICATION**

JUN 04 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

DSE GROUP, LLC; et al.,

               Plaintiffs - Appellants,

   v.

ELAINE RICHARDSON, Commissioner
Arizona Department of Real Estate; et al.,

            Defendants - Appellees.

No. 08-15111

D.C. No. CV-05-02233-MEA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Mark E. Aspey, United States Magistrate Judge, Presiding

Argued and Submitted March 8, 2010
San Francisco, California

Before: B. FLETCHER, CLIFTON and BEA, Circuit Judges.

    Plaintiffs-Appellants ("Plaintiffs") are seven owners of land in Arizona who

appeal the district court's final order granting summary judgment in favor of the

Defendants-Appellees—the Commissioner of the Arizona Department of Real

Estate, the Arizona Department of Real Estate (the "Department"), and the State of

---

    [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Arizona (collectively "Defendants"). Plaintiffs contend Defendants prohibited them from selling or developing their respective properties, which are all located in an area commonly known as Greer Ranch. Plaintiffs raised four claims under 28 U.S.C. § 1983 for violations of their constitutional rights to: (1) procedural due process, (2) equal protection of the laws, (3) substantive due process, and (4) freedom from governmental takings of their property without just compensation. We affirm.

As a threshold matter, we must decide whether Plaintiffs have standing to sue the Defendants.[1] Plaintiffs bear the burden of proof to show standing. *Bennett v. Spear*, 520 U.S. 154, 167–68 (1997). Plaintiffs offered evidence that they are injured because they are not able to build improvements upon their lands. That injury is directly caused by Maricopa County, which refuses to issue building permits to Plaintiffs because of a Final Order from the Arizona Department of Real Estate. The Final Order designates Greer Ranch an illegal subdivision and prohibits RTD Holdings, the owner of the subdivision, from selling parcels of Greer Ranch without first complying with Arizona laws governing subdivisions. For Plaintiffs to have standing, their injury must be "fairly traceable" to

---

[1] Neither party raised this issue; however, we have a duty to ensure that jurisdiction exists. *See D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008).

2

Defendants' actions. *Id.* at 162. Plaintiffs could satisfy that requirement by proving Maricopa County's decision to refuse Plaintiffs' building permits was coerced or determined by the Arizona Department of Real Estate's Final Order. *See id.* at 169. Plaintiffs could prove, for example, that Maricopa County is bound by Arizona law to deny building permits to property owners on land the Arizona Department of Real Estate determines is an illegal subdivision. Here, Plaintiffs have not adduced evidence that Maricopa County was coerced by Defendants or that its decision was legally determined by Defendants. To the contrary, it appears Plaintiffs injury is "the result of the independent action of some third party not before the court." *Id.*; *see* A.R.S. § 11-808(B) (requiring Maricopa County zoning inspector to deny building permits when proposed construction violates zoning laws); A.R.S. § 11-806.01 (delegating power of zoning subdivisions to the Maricopa County Board of Supervisors).

Indeed, Maricopa County could grant building permits to Plaintiffs despite the Arizona Department of Real Estate's Final Order. After all, the purpose of having the Arizona Department of Real Estate issue public reports for subdivided lands is to protect unwary buyers of land they later discover is uninhabitable, while the purpose of issuing building permits is to protect the builders and the builders' neighbors from nuisances and dangerous construction. These distinct purposes

3

suggest the Arizona Department of Real Estate's decisions do not determine Maricopa County's decisions to issue building permits.

To the extent Plaintiffs might have a claim against Maricopa County for incorrectly adopting the Department's finding, they have not alleged it here. Nor have they made Maricopa County a party. Indeed, it is difficult to see what Plaintiffs could complain of in Maricopa County's adoption of Defendants' subdivision finding, given that Plaintiffs even now do not contest that Greer Ranch meets the definition of a subdivision.

In a separate cease and desist order, the Department did temporarily prohibit Plaintiffs from selling their land. At the time of this appeal, however, all Plaintiffs have been released from that order. Plaintiffs have made no identifiable and separate claim for damages arising from the temporary cease and desist order.

Plaintiffs have not alleged an injury that is fairly traceable to Defendants. Therefore, we hold Plaintiffs lack standing.

**DISMISSED.**

4

No. 08-15111, *DSE Group, LLC, et al. v. Elaine Richardson, Commissioner*
*Arizona Department of Real Estate; et al.*

CLIFTON, Circuit Judge, concurring in the judgment:

I share the substantive conclusion of the majority. I disagree only in that I would not express that conclusion in terms of standing and jurisdiction. In practical terms, I view this as a disposition on the merits. The district court granted summary judgment, and I would simply affirm that summary judgment based on reasoning essentially similar to that laid out in the memorandum disposition. Neither the district court nor the parties talked about standing, and I do not think we need to, either.

Plaintiffs here are surely "aggrieved parties." Their problem is that they do not have a valid cause of action against these defendants. To say that as a result they lack standing amounts to holding that a court lacks jurisdiction because a plaintiff does not have a meritorous claim. I acknowledge that the terms "standing" and "jurisdiction" are often used to express conclusions that are at root more substantive, but I fear that continuing down that path will result in those terms entirely losing their more unique and useful meanings.